**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Cr. No. 19-88-2** |
| | ) | **(Civ. No. 20-1472)** |
| | ) | |
| LINO ESPINOZA | ) | |

## OPINION and ORDER

Pending before the Court is Petitioner Lino Espinoza's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 112) filed at Criminal No. 19-88-2 and as Civil Action No. 20-1472. The Government has filed a Response to the Motion. ECF No. 120. For the reasons stated herein, the Court will deny Petitioner's Motion.

### I. Background

Mr. Espinoza drove a tractor-trailer from Texas to the Western District of Pennsylvania on multiple occasions in which he would regularly meet with his co-defendant Eric Timbers to exchange cocaine for cash. On March 21, 2019, Mr. Espinoza and Mr. Timbers were arrested at the Neville Island Speedway, where law enforcement observed an exchange, later proving to be an exchange of cocaine for cash. Mr. Espinoza was charged in a two-count Indictment with (1) Conspiracy to Possess With Intent to Distribute and Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; and (2) Possession with Intent to Distribute 5 Kilograms or More of Cocaine on or about June 2017 to March 21, 2019 in violation of 21 U.S.C. § 841(a)(1), and 841(b)(1)(A)(ii).. ECF No. 22.

On January 2, 2020, pursuant to a plea agreement, Mr. Espinoza pleaded guilty to lesser included offenses at both Count 1 and Count 2. The Plea agreement included a waiver of certain rights to raise collateral challenges to his sentence, specifically including a waiver of his right to

file a Motion to Vacate Sentence under Title 28, United States Code Section 2255. The Agreement, however, permits Mr. Espinoza to raise ineffectiveness of counsel claims. The parties further agreed to a Rule 11(c)(1)(C) sentence of 96 months, without which Mr. Espinosa would have faced a statutorily mandatory minimum sentence of 120 months. On April 23, 2020, the Court accepted the binding 11(c)(1)(C) agreement and sentenced Mr. Espinoza to concurrent terms of imprisonment of 96 months at both Counts 1 and 2. Thereafter, Petitioner timely filed the instant motion to vacate, titled as:

> Motion to Vacate, Set Aside, and Correct Under 28 USC 2255; and Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Fed. R. Crim. Proc. 12(b); and Petition for a Writ of Error Coram Nobis and Audita Querella; and Motion for Discovery and to Disclose FISA Electronic Surveillance 50 U.S.C. 1806(f); Motion for Return of Property Rule 41(g).

ECF No. 112.

**II. Standard of Review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). As a remedy, the court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him [or her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the

rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962).

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. See 28 U.S.C. § 2255(b); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Thus, if the record conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). The Court finds no need for an evidentiary hearing here, as the record conclusively establishes that Petitioner is not entitled to the relief sought in the petition. See 28 U.S.C. § 2255. Accordingly, we will deny his motion for an evidentiary hearing.

**III. Discussion**

Mr. Espinoza argues that he was denied effective assistance of counsel under the Sixth Amendment of the Constitution. Specifically, Petitioner alleges his counsel was ineffective based on the following allegations: (1) the illegal conspiracy offense amounted to a void agreement under contract law; (2) the charges were not brought in the name of the real party in interest because they were filed in the name "United States of America" rather than "United States," (3) "Rule 17(d) was violated and so was separation of powers and due process and the 5th Amendment Grand Jury Clause and Fed. R. Crim. Proc. 6." ECF No. 112, at 4; and (4) "The arrest and search warrants were not returned to the magistrate judges who issued them in violation of Fed. R. Crim. Proc. 4 and 41 & due process. The Grand Jury did not file a certificate

3

of concurrence and record the vote and there was not at least 12 grand jurors that concurred in returning the Indictment in violation of the grand jury clause, Due Process, and the 5th Amendment." Id. at 4–5.

M. Espinoza also asserts claims of ineffectiveness for: (1) "failing to disclose the zoom video dial in information so that petitioner's family, friends, and the public could appear by video at sentencing"; (2) "failing to move for two 3 point reductions of the offense level for conspiracy and solicitation under [United States Sentencing Guideline] 2X1.1 and for a 36 month downward departure for collateral consequences for a felony conviction under the Equal Protection Clause"; and (3) "failing to challenge the Grand Jury venire and individual grand jurors under Fed. R. Crim. Proc. 6(b) because the venire & selection plan did not represent a fair cross section of Hispanics, American Indians, blacks, women, and college students, and Asians." ECF No. 112, at 5–7.

### A. Applicable Law

A "petitioner claiming a deprivation of his or her Sixth Amendment right to effective assistance of counsel must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice." Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. . . . The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable.'" Hinton v. Alabama, 571 U.S. 273, 274 (2014) (quoting Strickland, 466 U.S. at 690). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." Strickland, 466 U.S. at 681. "The Supreme Court directs that our 'scrutiny of counsel's performance must be highly deferential' to avoid holding counsel incompetent because of reasonable strategic or tactical judgments which, with the benefit of tactical hindsight, might prove not to have best served his client's interests." United States v. Loughery, 908 F.2d 1014, 1018 (D.C.Cir.1990), quoting Strickland, 466 U.S. at 689.

With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Hinton, 571 U.S. at 275 (quoting Strickland, 466 U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S.Ct. at 787).

A. Prejudice

The United States Court of Appeals for the Third Circuit "has 'read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant.'" McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993) (quoting United States v. Fulford, 825 F.2d 3, 8 (3d Cir.1987)). Assuming that counsel's performance was deficient, Mr. Espinoza is unable to establish prejudice. To satisfy the "prejudice" prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The outcome in this case is Mr. Espinoza's decision to plead guilty to an agreed-upon sentence of 96 months. Therefore, to establish prejudice he "must show that there is a reasonable probability

5

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Mr. Espinoza cannot show prejudice because he does not assert that, but for counsel's deficient performance, he would have chosen to forego a plea agreement for an agreed-upon sentence for 96 months and instead chosen to go to trial. Moreover, the content of Mr. Espinoza's claims of ineffectiveness are squarely aimed at his belief that he should never have been convicted because the conviction was not valid due to lack of subject matter jurisdiction or due to other alleged technical irregularities. As for his other assertions of ineffectiveness, such as not requesting an additional 3-level reduction and not seeking a 36-month departure, such would not have affected the outcome of this case in Mr. Espinoza's favor. To benefit from such challenges, he would have had to first withdraw from his plea agreement and then face a mandatory 120-month sentence, at a minimum. Even had he withdrawn from his agreement, Mr. Espinoza cannot show prejudice because the 120-month statutorily mandatory minimum sentence he would then face would not be affected by a motion for downward departure or an additional 3-level reduction. Again, Mr. Espinoza never asserts that he wants to withdraw his plea or proceed to trial. Accordingly, Mr. Espinoza cannot establish that he was prejudiced by counsel's alleged deficient performance.

B. **Ineffectiveness Claims**

Mr. Espinoza's claims of ineffectiveness are focused on matters that are frivolous, meritless, or irrelevant. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). First, there is no merit to Mr. Espinoza's assertion that the conspiracy he was convicted of was a void agreement. Had counsel raised such a challenge it

would have been rejected. Similarly, there is no merit to the assertion that Mr. Espinoza could not have been convicted because the charges were not brought in the name of the "United States of America" rather than the "United States." Mr. Espinoza's conclusory assertion that Rule 17(d), which concerns subpoenas, was violated, has no plausible connection to this case. His additional conclusory assertions that he suffered violations based on separation of powers, due process, the 5th Amendment Grand Jury Clause, and Rule 6, are devoid of any relevant substantive argument and are likewise nonsensical in the context of what actually occurred in the process of this case. Mr. Espinoza also provides no support for his allegations that counsel was ineffective in failing to challenge that:

- the arrest and search warrants were not returned to the magistrate judges who issued them in violation of Fed. R. Crim. Proc. 4 and 41 & due process;
- the Grand Jury did not file a certificate of concurrence and record the vote and there was not at least 12 grand jurors that concurred in returning the Indictment in violation of the grand jury clause, Due Process, and the 5th Amendment.

Furthermore, there is no basis upon which the Court can find that counsel was ineffective

- for not challenging that the Court failed to disclose the zoom video dial-in information for his sentencing (Mr. Espinoza's sentencing hearing was a public hearing and was not closed to the public);
- for failing to move for two 3-point reductions of the offense level for conspiracy and solicitation, as such would not have been successful;
- for failing to move for a 36-month downward departure for collateral consequences for a felony conviction under the Equal Protection Clause, as such does not appear to have a valid basis in the Sentencing Guidelines and would have required Mr. Espinoza to withdraw from his plea agreement as he had already agreed to be bound by the 96-month sentence;
- for failing to challenge the Grand Jury venire and individual grand jurors under Fed. R. Crim. Proc. 6(b) because the venire & selection plan did not represent a fair cross section of Hispanics, American Indians, blacks, women, as Mr. Espinoza provides no evidence, rather than his conclusory assertions, that there were any irregularities with the Grand Jury.

Accordingly, the Court concludes that counsel's performance was not deficient.

## C. Certificate of Appealability

No certificate of appealability should issue in this case. A court should issue a certificate of appealability where a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(c)(2). A petitioner meets this burden by showing that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). We find that jurists of reason would not find it debatable whether Petitioner states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

Having found no merit to Petitioner's claims of ineffectiveness of counsel, Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 will be denied.

Accordingly, the following order is therefore entered.

## **ORDER**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 112) is DENIED. The court declines to issue a Certificate of Appealability.

Dated: July 9, 2021

_____
Marilyn J. Horan
United States District Court Judge

cc: Lino Espinoza, pro se
No. 39414-068
USP HAZELTON
U.S. PENITENTIARY
SATELLITE CAMP
P.O. BOX 2000
BRUCETON MILLS, WV 26525